UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ISABELA ANATOLIO BARRETO DO
AMARAL,

       Plaintiff,

v.                                  Case No:  8:26-cv-01421-JLB-SPF


MARKWAYNE MULLIN, Secretary,
U.S. Department of Homeland
Security, in his official capacity;
JOSEPH B. EDLOW, Director, U.S.
Citizenship and Immigration Services,
in his official capacity; LESLIE
MEEKER, Director, USCIS Tampa
Field Office, in her official capacity;
TODD. M. LYONS, Director,
Immigration and Customs
Enforcement, in his official capacity,

       Defendants.

_____/

## **ORDER**

Before the Court is Plaintiff Isabela Anatolio Barreto do Amaral's Emergency Motion for Temporary Restraining Order (Doc. 2). Plaintiff seeks an injunction to prevent her from potentially being arrested and detained at her upcoming United States Citizenship and Immigration Services ("USCIS") adjustment of status interview on May 15, 2026. Defendants filed a response (Doc. 9). After careful review, Plaintiff's motion is **DENIED without prejudice** as unripe for adjudication.

## BACKGROUND

Plaintiff is a native of Brazil who came to the United States in February of 2020 on a valid visitor visa. (Doc. 1 at ¶¶ 25–26). On August 7, 2020, she filed an I-485 Application to Register Permanent Residence or Adjust Status and an I-140 Immigration Petition for Alien Workers in the EB-2 classification. (*Id.* at ¶ 27). However, in March 2023, her petitioning employer withdrew its I-140 petition. (*Id.* at ¶ 29). USCIS granted Plaintiff's August 2023 motion to reopen and reconsider her I-485 application, but it ultimately denied her application in February 2025 because the underlying I-140 petition had been withdrawn. (*Id.* at ¶¶ 30–31, 33). "Upon the denial, Plaintiff's employment authorization document and advance parole were revoked." (*Id.* at ¶ 33). Plaintiff's husband, who is a United States citizen, soon filed an I-130 Petition for Alien Relative on her behalf, and Plaintiff filed a new I-485 application that is currently pending. (*Id.* at ¶ 34).

On August 8, 2025, USCIS issued a Notice to Appear to Plaintiff, charging her under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as being an immigrant not in possession of a valid unexpired immigrant visa. (*Id.* at ¶ 35). On September 15, 2025, Plaintiff moved to terminate the removal proceedings, which the Department of Homeland Security did not oppose. (*Id.* at ¶ 36). Nevertheless, the immigration court appears to have denied Plaintiff's motion to terminate the proceedings. (*See id.* at ¶ 37). Accordingly, on November 3, 2025, Plaintiff filed a renewed motion to terminate the proceedings, which the Department of Homeland Security again did not oppose. (*Id.*

at ¶ 39).  Plaintiff's next immigration court hearing is scheduled for February 2, 2027.  (*Id.* at ¶ 40).

Recently, USCIS has scheduled Plaintiff for an adjustment of status interview in connection with her pending I-485 application at the USCIS Tampa Field Office on May 15, 2026.  (*Id.* at ¶ 41).  Plaintiff fears that she may be arrested by United States Immigration and Customs Enforcement ("ICE") at her upcoming interview based on several similar occurrences.  (*Id.* at ¶ 44).  She therefore seeks a temporary restraining order from this Court to prevent such an arrest because she argues that her arrest would be illegal under the Immigration and Nationality Act and its related federal regulations.  (*Id.* at ¶¶ 69–111).  Defendants filed a response to Plaintiff's motion, arguing that she lacks standing and that this case is not ripe for adjudication.  (Doc. 9).

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 permits a court to issue a temporary restraining order if the movant demonstrates: (1) a substantial likelihood of success on the merits; (2) irreparable harm will ensue absent such an order; (3) the threatened injury to the movant outweighs the harm the restraining order would cause to the non-movants; (4) the restraining order would not be adverse to the public interest.  *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034–35 (11th Cir. 2001).  When the government is the opposing party, the latter two elements merge.  *Nken v. Holder*, 556 U.S. 418, 435 (2009).  "The purpose of a temporary restraining order, like a preliminary injunction, is to protect against

irreparable injury and preserve the status quo until the district court renders a meaningful decision on the merits." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1231 (11th Cir. 2005). The grant or denial of a motion for a temporary restraining order or preliminary injunction rests within the sound discretion of the district court. *LSSi Data Corp. v. Comcast Phone, LLC*, 696 F.3d 1114, 1119 (11th Cir. 2012).

### DISCUSSION

Plaintiff's Emergency Motion for Temporary Restraining Order (Doc. 2) is denied because this case is not yet ripe for adjudication.[1] Article III of the United States Constitution limits the jurisdiction of federal courts to "cases and controversies of sufficient concreteness to evidence a ripeness for review." U.S. Const. art. III, § 2, cl. 1; *Digital Props., Inc. v. City of Plantation*, 121 F.3d 586, 589 (11th Cir. 1997). This doctrine "protects federal courts 'from engaging in speculation or wasting their resources through the review of potential or abstract disputes.'" *Meza v. U.S. Att'y Gen.*, 63 F.3d 1350, 1357 (11th Cir. 2012) (quoting *United States v. Rivera*, 613 F.3d 1046, 1050 (11th Cir. 2010)). To determine whether a dispute is ripe for adjudication, courts consider "both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Abbott Lab'ys v. Gardner,* 387 U.S. 136, 149 (1967).

---

[1] Defendants also argue that Plaintiff lacks standing to sue because her fears of arrest have not yet materialized (Doc. 9 at 3–4); however, Defendants fail to rebut Plaintiff's contention that she faces a "credible threat" of arrest. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 159 (2014). Accordingly, the Court concludes for purposes of this motion that Plaintiff has demonstrated standing.

Regarding the first prong, "[a] claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotation omitted). And the Administrative Procedure Act subjects agency actions to judicial review only where a "final agency action" has taken place or where the action is otherwise reviewable by statute. 5 U.S.C. § 704; *see Okeelanta Corp. v. U.S. Army Corps of Eng'rs.*, 132 F.4th 1320, 1333 (11th Cir. 2025) (emphasizing the close connection between the ripeness doctrine and the finality requirement for review under the Administrative Procedure Act).

The Eleventh Circuit's decision in *Meza v. United States Attorney General* provides an example. 693 F.3d at 1357. In that case, an appellant habeas corpus petitioner fled to the United States after killing a Honduran government official. *Id.* at 1354. The United States began extradition proceedings against him, and a magistrate judge determined that the petitioner was extraditable. *Id.* at 1355–56. The petitioner filed a petition for a writ of habeas corpus, arguing that the Convention Against Torture barred his extradition. *Id.* at 1355. The district court denied his habeas petition. *Id.* at 1355–56. On appeal, the Eleventh Circuit held that the appellant's argument was not yet ripe because it depended on contingent future events. *Id.* at 1357. The appellant's claim "assume[d] that the Secretary [would] surrender him to Honduran officials, but there [was] no evidence in the record that the Secretary ha[d] decided to comply with the extradition request." *Id.*

5

Instead, many options were still available to the Secretary, which made resolution of the appellant's argument premature.

So too here, Plaintiff's claims are not yet ripe for adjudication because they depend upon contingent future events. Plaintiff fears that she may be arrested at her upcoming adjustment of status interview based on several other recent occurrences. (Doc. 1 at ¶ 44; Doc. 2 at 5). However, she cites no evidence to show that she is specifically in danger of being arrested, nor does she provide any statements from Defendants to that effect. (*See* Docs. 1, 2). Like the appellant in *Meza*, Plaintiff's claims rest on the assumption that she will be arrested, which this record does not bear out. *See Meza*, 693 F.3d at 1357. Rather, the record seems to suggest that Plaintiff may not be in danger of being detained because the Department of Homeland Security has twice decided not to oppose Plaintiff's motion to terminate her removal proceedings. (Doc. 1 at ¶¶ 36, 39). Therefore, this case is not ripe for adjudication because Plaintiff's claims depend on "contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas,* 523 U.S. at 300 (quotation omitted). It would be premature for the Court to address Plaintiff's claims at this time, and the Motion for Temporary Restraining Order (Doc. 2) is **DENIED without prejudice**.

**ORDERED** in Tampa, Florida, on May 14, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

6